IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | Case No. 1:14-mj-275-JMF |
| v.              ) | |
| ) | Magistrate Judge John Facciola |
| **DANIEL HARRY MILZMAN,** ) | |
| ) | Detention Hearing: March 25, 2014 |
| **Defendant.**   ) | |

**DEFENDANT'S MEMORANDUM
IN SUPPORT OF PRETRIAL RELEASE**

COMES NOW, the defendant, DANIEL HARRY MILZMAN, by and through counsel, and respectfully submits to this Honorable Court his Memorandum in Support of Pretrial Release. Mr. Milzman is a nineteen-year-old United States citizen who has no prior convictions or arrests and has substantial family ties to the Washington, D.C. Metropolitan area. For those reasons and the ones that follow, Mr. Milzman respectfully requests that this Honorable Court release him from custody and place him under conditions of release pursuant to, and as contemplated by, 18 U.S.C. § 3142.

**I.      THE INFORMATION AND ALLEGATIONS**

Mr. Milzman is charged in a one count criminal complaint alleging that he knowingly possessed a biological toxin (ricin) in violation of 18 U.S.C. § 175(b). The complaint acknowledges that a rather small amount of ricin was located in Mr. Milzman's dorm room and that the amount recovered was not capable of inflicting widespread harm. Indeed, the affidavit provides that the substance recovered from Mr. Milzman's room was only potentially lethal if injected or inhaled by a single individual. Finally, although the affidavit attributes several statements to Mr. Milzman, it fails to provide that Mr. Milzman advised law enforcement that he had contemplated ingesting the ricin himself in an attempt to end his own life in a way that

would not have appeared to his family and friends that he had committed suicide. There is no credible basis for believing that the substance recovered from Mr. Milzman's room was intended for anyone other than himself. Moreover, based upon conversations that counsel has had with Mr. Milzman's doctors, Mr. Milzman's mental health condition has improved substantially and further treatment is recommended.

**II.   ARGUMENT**

In the instant case, there are terms and conditions of release that can be fashioned to reasonably assure Mr. Milzman's attendance at court proceedings and the safety of the community upon his release. Mr. Milzman's release on conditions would be consistent with both the stated purpose and intent of 18 U.S.C. § 3142 as well as the presumption of innocence and relevant Supreme Court precedent.

**A.   General Principles**

In *Stack v. Boyle*, 342 U.S. 1 (1951), the Supreme Court recognized the significant principles that an individual should not have to suffer imprisonment on a charge for which they have yet to be convicted and that reasonable conditions of release need to be considered in light of the specific individual before the court. More recently, the Supreme Court has reinforced those principles by holding that "[f]reedom from imprisonment – from government custody, detention, or other forms of physical restraint – lies at the heart of the liberty th[e] [Fifth Amendment] protects." *Zadvjdas v. Davis*, 533 U.S. 678 (2001); *see also Foucha v. Louisiana*, 504 U.S. 71, 112 (1992) (describing freedom from physical restraint as being at the core of constitutional rights under the Fifth Amendment); *see also United States v. Salerno*, 481 U.S. 751, 755 (1987) ("In our society liberty is the norm and detention prior to trial or without trial is a carefully limited exception.").

Consistent with Supreme Court precedent, the United States Code empowers this Court to use its broad authority and judicial powers to fashion terms and conditions of release from a wide array of options. *See* 18 U.S.C. § 3142(c). Indeed, the Code contemplates release in *every* case where the Court can reasonably assure that the defendant will appear at subsequent proceedings and will not pose a danger to the community. 18 U.S.C § 3142(b). The government must prove dangerousness by "clear and convincing" evidence and must prove risk of flight by a "preponderance of the evidence." *See United States v. Simpkins*, 826 F.2d 94, 96 (D.C. Cir. 1987); *see also United States v. King*, 849 F.2d 485, 489 (11th Cir. 1988); 18 U.S.C. § 3142(f). "Section 3142 speaks of conditions that will 'reasonably' assure appearance, not guarantee it." *See United States v. Xulam*, 84 F.3d 441, 444 (D.C. Cir. 1996); *see also United States v. Orta,* 760 F.2d 887 (8th Cir. 1985) (*en banc*). To require a "guarantee" would contradict the framework and clear intent of the Bail Reform Act of 1984, which was that Congress intended for detention to apply only to a "small number" of dangerous defendants. *Id*. at 890-91. When making these determinations, courts must consider "the nature and circumstances of the offense, including whether it is violent or nonviolent in nature; the weight of the evidence; the history and characteristics of the person, including her character, family ties, employment, length of residence in the community, community ties, past conduct, criminal history, and record of court appearances; and the danger the defendant poses to the community if released." *United States v. Hanson*, 613 F. Supp. 2d 85, 88 (D.D.C. 2009) (citing 18 U.S.C. § 3142(g)).

Section 3142 lists a number of charges that give rise to a *rebuttable* presumption that there are no conditions that will reasonably assure the defendant's appearance or ensure the safety of the community. 18 U.S.C. § 3142(e). The charge contained in the criminal complaint triggers the rebuttable presumption pursuant to §§ 3142(e)(3)(E), which applies to certain

offense listed in 18 U.S.C. § 2332b(g)(5).  Nevertheless, once a rebuttable presumption is created, it merely "imposes a burden of production on the defendant to offer contrary credible evidence." *See United States v. Alatishe*, 768 F.2d 364, 371 (D.C. Cir.1985).  This burden of production "is not a heavy one to meet." *United States v. Dominguez*, 783 F.2d 792, 707 (7th Cir. 1986).  Indeed, a defendant simply must produce some evidence "to suggest" that he is neither dangerous nor likely to flee if released on bail.  *United States v. Quartermaine*, 913 F.2d 910, 916 (11th Cir. 1990); *see also United States v. Miller*, 625 F. Supp. 513, 519 (D. Kan. 1985) (describing the burden as one merely requiring a defendant "to offer some credible evidence contrary to the statutory presumption").  Any evidence favorable to a defendant that comes within a category listed in 18 U.S.C. § 3142(g) can rebut the presumption, including evidence of marital, family and employment status; ties to and role in the community; lack of criminal record; and other types of evidence encompassed in § 3142(g)(3).

  **B.**   **This Court Should Find That There Are Conditions of Release That Will Reasonably Assure Mr. Milzman's Appearance and the Safety of the Community.**

  We respectfully submit that Mr. Milzman's personal history and ties to the community sufficiently establish that there are conditions available to the Court that will reasonably assure his appearance at future court proceedings and that will ensure the safety of the community.  Mr. Milzman is nineteen years old and has had no prior involvement with the criminal justice system.  He was born in Virginia and raised in Maryland, having graduated from Walt Whitman High School.  At the time of the alleged offense, he was enrolled at Georgetown University along with his two older brothers.  His parents, both doctors, reside in Bethesda and work at hospitals in the District of Columbia.

Based on representations Mr. Milzman made to agents at the time he was confronted in his dorm room, he was transferred to the Psychiatric Institute of Washington ("PIW"), where he remained voluntarily until agents unexpectedly apprehended him.  Prior to his apprehension, doctors at PIW believed Mr. Milzman had progressed to a point where he could return home but maintain outpatient mental health counseling.  Nevertheless, Mr. Milzman and his family were exploring opportunities for continued inpatient treatment at local facilities.  Arrangements were being made for Mr. Milzman to move directly from PIW to an inpatient program at Sibley Hospital.[1]  As a result of his arrest, however, Mr. Milzman has been held for five (5) days in the Medical Unit at the D.C. Jail.  Rather than receiving appropriate and beneficial mental health treatment and counseling, this nineteen-year-old student has been held in solitary confinement and has had no contact with his family.  For the foregoing reasons, we ask the Court to order Mr. Milzman's release pending trial.

### III.   PROPOSED CONDITIONS OF RELEASE

Upon information and belief, Mr. Milzman has been interviewed and found eligible for admission to the Pretrial Services Mental Health Specialized Unit.  Based on his eligibility to that Unit, Mr. Milzman respectfully requests that he be released on the following terms.  First, that Mr. Milzman immediately report to Pretrial Services for intake with his assigned Case Manager.  Second, that following the meeting with his Case Manager, Mr. Milzman voluntarily report to Sibley Hospital for completion of a two-week residential treatment program.  Third, that following completion of the Sibley program Mr. Milzman reside with his parents at their Maryland residence and that he comply with all mental health treatment conditions that may be

---

[1] Undersigned counsel has been advised that Sibley Hospital has already cleared a space for Mr. Milzman in their inpatient treatment program and would be available to accept Mr. Milzman immediately upon his release.

recommended by the Mental Health Specialized Unit and any other conditions deemed appropriate by the Court.

WHEREFORE based on the foregoing reasons and any others that may appear to the Court or that may develop at the detention hearing, Mr. Milzman respectfully requests that this Honorable Court grant his request for pretrial release to include the above referenced conditions and any others that the Court deems appropriate.

Date:  March 25, 2014                              Respectfully submitted,


/s/ Danny Onorato
Danny Onorato (DC Bar #480043)
*Attorney for Daniel Milzman*
SCHERTLER & ONORATO, LLP
575 7th Street, N.W.  Suite 300 South
Washington, DC  20004
Telephone:  (202) 628-4199
Facsimile:  (202) 628-4177
donorato@schertlerlaw.com


/s/ Stuart A. Sears
Stuart A. Sears (DC Bar #977144)
*Attorney for Daniel Milzman*
SCHERTLER & ONORATO, LLP
575 7th Street, N.W.  Suite 300 South
Washington, DC  20004
Telephone:  (202) 628-4199
Facsimile:  (202) 628-4177
ssears@schertlerlaw.com

**CERTIFICATE OF SERVICE**

  I hereby certify that on the 25th day of March, 2014, I electronically filed a true copy of the foregoing motion with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all parties.

               /s/ Stuart A. Sears
               Stuart A. Sears
               DC Bar 977144
               *Attorney for Daniel Milzman*
               SCHERTLER & ONORATO, LLP
               575 7th Street, N.W.  Suite 300 South
               Washington, DC  20004
               Telephone:  (202) 628-4199
               Facsimile:  (202) 628-4177
               ssears@schertlerlaw.com